Case number 4-17-0385, People v. Dorian Wills. Appearing for appellant is attorney Debra Nall and for the appellee is attorney Timothy Londrigan. Good afternoon, counsel. I apologize for the late start here. Ms. Nall, you may proceed. Thank you. May it please the court, counsel, I'm Debra Nall. I represent the appellant, Dorian Wills. Two months after Dorian Wills' 18th birthday, he entered a partially negotiated plea for an offense that happened when he was only 17. Wills agreed to the plea because he understood there would be a sentencing hearing where counsel would use his legal training to advocate for the lowest possible sentence, which under the plea was six years. Instead, counsel treated this as a fully negotiated plea by essentially conceiving that the 20, the agreed upon maximum of 20 years was appropriate. Wills also understood that he would be able to challenge improper proceedings. Yet when he told his attorney that he wanted to challenge, the attorney just told him that it would be a waste of time and then did nothing. Counsel erred because the decision to appeal belongs to Wills, not to his attorney. And also because this court recognized in People v. Johnson, a partially negotiated plea does not relinquish a criminal defendant's right to a fair sentencing hearing. Wills' post-conviction claims, which must be liberally construed and taken as true, are now before this court for the third time. The amended petition makes a substantial showing that plea counsel provided ineffective assistance and also that the plea was involuntary. This court should therefore reverse and remand for a third stage evidentiary hearing. First, the amended petition made a substantial showing that plea counsel failed to honor Wills' direct request for an appeal. Wills alleged that he told counsel to file a motion for reduction of sentence and or notice of appeal. In response, counsel said, it is a waste of time and money to put in for a motion of reduction of sentence and appeal. And then did not file any post-plea motion or notice of appeal. In the amended petition, PC counsel alleged that plea counsel, who he spoke with, no longer didn't remember discussing motions or appeal with Wills. Therefore, there's nothing on this record that rebutts Wills' allegations. The amended petition also alleged that Wills would not have pled guilty, but instead would have gone to trial but for counsel's errors. These allegations make a substantial showing of deficient performance for failure to honor a direct request to file an appeal. And the substantial showing also of prejudice because it deprived Wills of an appeal he otherwise would have taken. That alone, therefore, provides basis for reversal and remand for third stage evidentiary hearing. If you prevail on the certificate issue, do you expect us to rule on anything else? Yes, Your Honor. I think that would just go back for second stage proceedings, which it's already remanded. That would be the third remand for second stage proceedings. Well, we might get someone appointed that knew how to do it. And if they knew how to do it, they could flesh out the claims that you're asserting on behalf of your client. And we might get an intelligible ruling that we could then opine upon. It's my position that the record as it stands is sufficient to show that he made a substantial showing that is sufficient for an evidentiary hearing. However, if this Court disagrees, yes, I certainly would ask you to remand for new counsel at second stage. And if we were to remand, then we wouldn't address those other things. But I understand you said you think we could because the record is sufficient for us to do so. I think you could, and I also think you should, because in the interest of judicial economy, the record is clear, and at least maybe this Court could give guidance as to whether there's a substantial showing. Apparently, the guidance that we've given in the past to this trial court has not been sufficiently clear. I agreed. Turning to the second point of reversal for third stage evidentiary hearing, the amended petition also made a substantial showing of a failure to consult under Flores-Ortega. And the rule in Flores-Ortega, which I laid out in my briefs, but just to reiterate, is that counsel only has a constitutionally imposed duty to consult if the defendant made some sort of reasonable expression that he wanted to appeal and or if there are grounds for a motion to withdraw such that a reasonable defendant in the circumstances would have wanted to appeal. Here, we have both circumstances. First, if this Court held that Will's allegation that he told counsel to file a motion for reduction of sentence and or notice of appeal wasn't sufficient to directly say, I want to appeal, it's at least enough to be a reasonable indication that he wanted to appeal such that counsel had a duty to consult with him, which counsel certainly did not do because the term consult was defined in Flores-Ortega. It means advising the defendant about the advantages and the disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. Here, the allegations show that at most, counsel advised him about the disadvantages of taking an appeal a little bit by telling him that it would be a waste of time, but he certainly did not explain the advantages of an appeal, which would have been having counsel to help him decide if he had grounds for a motion to withdraw. Second, there's a duty to consult because a rational defendant in Will's circumstances would have wanted to appeal where there are at least three non-frivolous claims for a motion to withdraw the plea. First, unfair sentencing hearing. And again, I'm referring to Johnson. This Court held that the mere fact the defendant agrees to a negotiated plea, a partially negotiated plea, does not mean he has agreed to give up his right to be fairly sentenced. Here, Will's has made a substantial showing that he was not fairly sentenced, where plea counsel essentially conceded that 20 years was appropriate, failed to mention any of the mitigation evidence in the PSI, which included that Will's had gotten his GED, he had enunciated goals for the future, he was reading the Bible, he was taking substance abuse classes, he was trying to improve, learning from his mistakes, which that's all I think anyone can ask. Counsel also failed to argue Miller v. Alabama had been decided in June of that year. And counsel did say that Will's youth should be considered in mitigation, but he didn't argue any of the very well-established law providing that children, which Will's was, he was 17 at the time of this offense, are categorically less culpable because of their brain development. And this PSI shows a lot of evidence. It shows that he was in a gang from seven years. That's terrible. It's also exactly the kind of thing that shows transient immaturity of youth. It doesn't prove that he is just an irredeemably horrible person who should be treated like a terrible offender. So for these reasons, there is at least a non-frivolous claim that the sentencing hearing was unfair. There's also a non-frivolous claim that Will's plea was involuntary. And that's where he agreed to plead guilty based on the belief that plea counsel was going to advocate for a lower sentence instead of just conceding that 20 years was appropriate. And also that he believed he could appeal his sentence. And third, there's a non-frivolous argument that the trial court failed to substantially comply with Supreme Court Rule 605C, where the court completely failed to address subsection C for having to do with reinstatement of dismissed charges. So for all of these reasons, counsel had a duty to consult. That was violated. And there's also substantial showing that separately that Will's plea was involuntary, where it was founded on the erroneous belief he would receive a fair sentencing hearing. And that's the same argument that provides a basis for the motion to withdraw the plea. In addition to the substantial showing of error, there's also a substantial showing that counsel's errors prejudiced Will's. Will's alleged he would not have pled guilty but for counsel's errors. And he demonstrated non-frivolous grounds for a post-plea motion. Under Flores-Ortega, that's sufficient to show prejudice for the duty to consult. And as the United States Supreme Court reaffirmed in Lee v. United States and the Illinois Supreme Court recognized in Brown, defendants need not show that outcome of trial would have been different than the result of the plea bargain because no presumption of reliability can be accorded to judicial proceedings that never occurred, which in this case, there was never any appeal. And unless this court has any specific questions about Argument 2, I plan to stand on my briefs for that argument. I see none. Thank you. So I ask this court to reverse and remand for an evidence hearing. I'd like to reserve my remaining time for rebuttal. Thank you. Mr. Monk. Good afternoon, Your Honors. Counsel. Initially, the State would take the position that this gentleman, 18 years of age, has admitted guilt to a heinous crime that he's clearly guilty of and incorporates actions of gratuitous violence and actions against an innocent individual walking down the street, nearly beat him to death, left him stripped and partially naked to die on the side of the road. Now he's claiming that he did not understand the consequences of his plea agreement at the time that he made it. So he's raising ineffective assistance of counsel because he's arguing that his counsel should have advocated more strenuously at the time of the plea, or rather, excuse me, at the time of the sentence, imposition of the sentence, and or that the trial court should have instructed him that by pleading guilty to this offense, it would be necessary to file a motion to withdraw that plea of guilty prior to challenging the length of the sentence imposed. This defendant got the benefit of his bargain, and he got a pretty good bargain at that. He was charged with aggravated kidnapping and robbery, facing a penalty of 30 years in prison on the aggravated kidnapping alone. He got the robbery charge dismissed, and he got the State to agree to reduce the maximum sentence to only 20 years. How he got that, I don't know. If I was the State's attorney, I would not have agreed to it. This guy clearly has issues and cannot be allowed to walk in society, given the actions of what he has clearly done and what the evidence clearly establishes he's pled guilty to. Evidence is overwhelming. We have three confessions from co-defendants. We have this defendant's own confession, yet still we're here trying to figure out why this gentleman ought to be allowed now to withdraw his plea of guilty, which is really what we're trying to discern from the State's point of view. A preliminary issue, though, is the 651 compliance. There was no 651 certificate, and then it is incumbent to make a clear and affirmative showing of compliance. 651 seems to be a problem in this case, and it's frustrating, but how can we be assured that the post-conviction counsel complied with 651C? It doesn't appear that the record demonstrates counsel reviewed the record. Well, Your Honor, I have two responses to that. One, I think the record does suggest that, because in his petition, he states that he did. It should be in the form of a certificate. I agree. Why he didn't file the certificate, I have no explanation for. It would be nice if he simply would have done so, but in his petition that he prepared on behalf of the defendant, he states therein that he did meet the requirements of 651. In addition to that, the defendant himself has admitted that all of the issues that he raised and wishes to argue before this Court were incorporated in his post-conviction petition by his appellant counsel. So, I don't see anything in the record that suggests that appellant counsel did not satisfy the requirements of 651, which I think is what the Court ought to be looking at. Where in the record does it suggest that this appellant counsel failed to do something to preserve a right that the defendant is entitled to pursuant to 651? I just don't think it's there. Again, I would have liked to have seen a certificate just like the Court. That, of course, would have raised an inference, but in the absence of that inference, I don't think there's an opposite inference that's provided for by law, which is to suggest that in the absence of the certificate, we just assume noncompliance. If you look at his petition, he says in the petition that he has done all those things. He's consulted with the defendant. He's reviewed the record. He's informed the pleadings to what he thinks is appropriate. The defendant, in their own response brief, suggests that all the issues that they wish to put forward before this Court have been done by appellant counsel. So, what's the problem? I don't understand where the error is. I mean, yeah, it could be cleaner, but there's been no suggestion that appellant counsel has failed to do something he's required or she's required to do under 651. In the absence of that allegation, I don't think there's reason to find a violation. The post-conviction counsel says, if you assert at page 21 of your brief, that in his answer to the State's motion to dismiss, that he reviewed the transcripts of proceedings. When you look at the record, it looks like the only party to have checked out the transcript of proceedings is the State. Joel Fletcher checked out the transcripts from the clerk's office. That's an assistant State's attorney, right? I don't know, Judge. When I was looking at it, I was trying to figure out who withdrew the record deal. There's actually a record in there that identifies, it's not just the docket entry that indicates the transcripts were checked out. There's another sheet of paper in the record that indicates those transcripts on that date were checked out to Joel Fletcher. My understanding, Joel Fletcher is an assistant State's attorney. That there's a record of the State having checked it out, but no record of the defendant checking, the post-conviction counsel checking it out. How is the record then clear that there's been compliance? It's a frustrating set of facts here, given that we've already remanded twice in this case. Do you have anything to add to that issue? I don't, Judge. I wasn't aware. I don't know how you found that. I went through that darn thing trying to figure out who, you know, I saw the notation, but I never saw the actual paper that you're making reference to. So I don't know. The defense counsel brought up that it was checked out after the pleading was placed on file. I suppose I could argue that he doesn't need necessarily to check it out. He could review it at the clerk's office. But, I mean, if you're looking for evidence that I can present that he actually reviewed it, no, I don't have any evidence that I can suggest to the court. I would just point out that in the absence of any error, the defendant states in their reply brief, the defendant agrees that the amended petition in answer addresses all of his arguments. Well, if it addresses all of his arguments, hasn't 651 been satisfied? You know, so that would be the position of the state. But if the court feels as though something else is required, certainly respect the position of the court. Given that position, do you want to hear any other argument? You know, it sounds like we're going to be back again on the 651 compliance. But, so, absent any questions on issue number one, I will not address them further. Okay. Thank you, Mr. Long. There's no rebuttal argument. Just in response to the 651C thing, as this court said, when there's no certificate filed, there must be a clear and affirmative showing of compliance on the record. So, I think this court already knows that, but just to make that clear. And turning to issue one, just for a brief moment, counsel talks about the facts of this case, the offense. In Miller v. Alabama, the United States Supreme Court said that nothing Graham said about children is crime-specific. It's true in all of these cases involving juveniles. There's terrible facts. That does not make them a bad person. We don't look at the facts committed in the same way we do when it's an adult. So, the fact that someone did something terrible when they were 17 doesn't speak to who that person will be when they're 20 or 25 or 30. And because of that, counsel was ineffective for not arguing well-established law in 2012. And so, again, I would urge this court to reverse and remand for an evidentiary hearing to determine what actually happened between plea counsel and Mr. Wills in the alternative reversal for 651C. And if you have no further questions... I don't see any. Thank you so much. Okay. Thank you, counsel. Thank you both. The case will be taken under advisement and a written decision challenge.